# KANE, PUGH, KNOELL, TROY & KRAMER LLP

### ATTORNEYS AT LAW

William H. Pugh, V✦
George H. Knoell, III
Paul C. Troy
Andrew J. Kramer
Robert Connell Pugh*✦
Justin A. Bayer*
Melissa K. Nagata*
Donald J. Belfie, Jr.
Kara H. Dougherty
Sean R. Morrow*
Elaine M. Moyer
Amy M. Kirkpatrick*
Kathryn M. Brady*
Andrew M. Lamberton*
Peter B. Rogers*
Kathleen M. Klemm*
Gina Kiley*
John T. Idell*
James G. Schu, Jr.*
Thomas J. Zimmerman*
Jessica M. Keough*
Kevin M. Krauss*✦^
Rachael L. Nave*
David O. McColloch
Elizabeth Schmidt-Jerdon
Samuel Park
Laurel D. Little
Jennifer L. Glauser

510 Swede Street
Norristown, PA 19401
610.275.2000
Fax: 610.275.2018
www.kanepugh.com

One Liberty Place, Suite 3618
Philadelphia, PA 19103
267.675.7023

**Please Reply to Norristown Office**

William H. Pugh, IV
*Senior Counsel*

Edward F. Kane
M. Cathlene Driscoll
*Counsel to the Firm*

✦ Member New York Bar also
* Member New Jersey Bar also
^ Member District of Columbia Bar

kbrady@kanepugh.com

May 8, 2023

*Via ECF Filing*
The Honorable Renée Marie Bumb
United States District Court for the District of New Jersey
Mitchell H. Cohen Courthouse
4th & Cooper Streets
Camden, New Jersey 08101

RE:   Subh v. Security Guard, Inc. et al.
        United States District Court for the District of New Jersey
        Case No. 1:23-cv-01462-RMB-EAP

Dear Judge Bumb:

      I represent Defendants Security Guard, Inc., Gettier Security, Tri-County Security, NJ and Imperial Security in the above-referenced action. Please allow this letter to serve as Defendants' request for a pre-motion conference, in anticipation of Defendants' Motion to Dismiss Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted.

      By way of background, this cause of action arises out of Plaintiff Majed Subh's Charge of Discrimination filed with the Equal Employment Opportunity Commission on June 17, 2021. Plaintiff's Charge of Discrimination alleges that he was subject to racial discrimination and retaliation by Defendant Security Guard, Inc., his employer. Following the submission of a position statement by Defendant Security Guard, Inc. on August 11, 2021, the EEOC issued a Determination and Notice of Rights on December 16, 2022. Thereafter, Plaintiff instituted this cause of action via Complaint on March 15, 2023. Count One of Plaintiff's alleges racial discrimination, disparate treatment and harassment pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§2000e et seq.; Count Two alleges retaliation pursuant to the same statute, and Counts III and IV restate those same allegations pursuant to the New Jersey Law Against Discrimination. *See generally* Plaintiff's Complaint, ECF Doc. No. 1.

Kane, Pugh, Knoell, Troy & Kramer
May 8, 2023
Page: 2

In his Complaint, Plaintiff alleges that, beginning on September 11, 2006, he was employed as a part-time security guard for Defendant SGI, then Gettier Security. Id., ¶ 6. Plaintiff asserts that SGI is a multi-state company that provides on-site and road patrol security guard services to private companies and organizations throughout Delaware, southern Pennsylvania and southern New Jersey through its above-named subsidiaries. Id., ¶ 2. Per Plaintiff's Complaint, as of 2016, he was promoted to the role of Security Guard Supervisor, and his pay was increased to $11 per hour. Id., ¶ 9. In 2017, Plaintiff was again promoted, this time to Road Patrol, and his pay was again increased, to $12 per hour. Id. , ¶ 10-11. Around the same time that the promotion to Road Patrol transpired, Mance Revell, an African-American male who is an American citizen, became Plaintiff's direct supervisor. Id., ¶ 12.

Plaintiff alleges that he is a 53-year-old Palestinian immigrant and a Muslim. Id., ¶ 1. He alleges that when Mr. Revell became his direct supervisor, he began to experience unspecified "problems with his pay." Id., ¶ 12. When Plaintiff brought these pay issues to the attention of Mr. Revell, Plaintiff alleges that Mr. Revell "yelled, belittled and forcefully demanded Plaintiff out of his office." Id., ¶ 13.

Plaintiff alleges that in and around January 2018, Mr. Revell became angry over Plaintiff's request that he be forewarned about cancellations of Road Patrol shifts, and stated that he would remove Plaintiff from Road Patrol duty altogether. Id., ¶ 17. Plaintiff "believes Mr. Revell *might* have intentionally withheld notice of cancellations" to impede Plaintiff's timely arrival for his shifts. Id., ¶ 18 (emphasis added). Plaintiff asserts that removals from Road Patrol continued over the course of a little over a year, between December 4, 2019 and January 18, 2021, with Plaintiff continuing to be replaced by "persons outside Plaintiff's protected classes." Id., ¶ 21.

Plaintiff alleges that in and around December 7, 2020, he was required by Mr. Revell and his Assistant Manager, Oriel Garcia, a Hispanic man and American citizen, to have his company-owned patrol vehicle repaired, and was not compensated for his time. Id., ¶ 25. Plaintiff also alleges that, in and around December 14, 2020, Mr. Revell told Plaintiff "I hate Moslems and middle eastern people" and yelled at Plaintiff to "go back where you came from." Id., ¶ 26.

Thereafter, on February 1, 2021, Plaintiff emailed SGI's President Lisa Spatafore, and then-Vice-President Bryan DiPalma, to complain about the purported discrimination. Id., ¶ 28. A phone conference between the aforementioned parties concerning Plaintiff's allegations was subsequently held. Id., ¶ 29. Plaintiff was then offered a different work location, and was transferred in April 2021 to Imperial Security in Pennsylvania, in the role of Security Guard Officer at the Durham School Bus depot. Id., ¶¶ 33-34. Plaintiff alleges that his supervisor told him that SGI's President instructed that he not be placed in the role of Road Patrol. Id. , ¶¶ 33-34. Plaintiff asserts that he worked in this role from April 20, 2021 until October 11, 2022, when the Durham School Bus contract expired, and Plaintiff was "separated from employment." Id., ¶¶ 35-37. Plaintiff alleges that, after October 2022, he was offered work over the course of several months, but that he has not worked for Defendant SGI since that October 11, 2022 date. Id., ¶¶ 38-39.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the dismissal of a complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). A 12(b)(6) motion serves to test the legal sufficiency of a complaint and to "streamline

Kane, Pugh, Knoell, Troy & Kramer
May 8, 2023
Page: 3

litigation by dispensing with needless discovery and factfinding." *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989); *Holder v. City of Allentown,* 987 F.2d 188, 194 (3d. Cir. 1993). Consequently, when it is apparent, from the face of the pleading, that a plaintiff cannot demonstrate facts which would entitle him or her to the relief sought, the court is required to dismiss plaintiff's claims. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

The aforementioned facts as set forth by Plaintiff fail to meet the requirements for establishing a *prima facie* claim of employment discrimination pursuant to the burden-shifting framework set forth in *McDonnell-Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817 (1973). These facts also fail to set forth a *prima facie* claim of a hostile work environment, or retaliation as outlined by Title VII and well-established common law. As Plaintiff's federal claims fail to meet the requisite standards, so his state claims under the New Jersey Law Against Discrimination must fail as well.

In light of the foregoing facts and relevant authority, Defendants request this Honorable Court hold a pre-motion conference, in an effort to expeditiously resolve this dispute regarding Plaintiff's Complaint.

Respectfully submitted,

*Kathryn M. Brady, Esq.*

KATHRYN M. BRADY, ESQUIRE